IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| v. | ) | No. 3:09-cr-00186 | |
| | ) | | |
| ENRIQUE JIMENEZ | ) | Judge Trauger | |

**ORDER**

Before the court is movant Enrique Jimenez's motion (ECF No. 750) under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, which is currently anticipated to go into effect on November 1, 2014 and to apply retroactively. The court understands that this amendment will lower the recommended guideline sentences for most drug defendants by two offense levels in the sentencing guideline table of recommended sentencing ranges for drug crimes. It does not, however, affect any statutory provisions establishing mandatory minimum sentences for drug crimes.

On August 17, 2010, the court accepted Mr. Jimenez's plea of guilty to Count One of the superseding indictment, which charged conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 18 U.S.C. §§ 841(a) and 846. The statutory mandatory minimum sentence for such offense was at that time and remains ten years, but the advisory sentencing guideline range in this case was 135 to 168 months, based on an offense level of 33 and a criminal history category I. In sentencing Mr. Jimenez, the court granted a downward departure, at Mr. Jimenez's request, and imposed the statutory mandatory minimum sentence of ten years' incarceration. Because he was sentenced to the mandatory minimum, Mr. Jimenez will not be entitled to a reduction in his sentence when Amendment 782 goes into effect.[1]

The motion (ECF No. 750) is therefore **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] The sentencing guideline range of 135 to 168 months was based on an offense level of 33. Even if Mr. Jimenez received the benefit of a two-level reduction in his offense level, which would result in an advisory guideline range of 108 to 135 months, Mr. Jimenez would still be subject to the statutory mandatory minimum sentence of ten years.